J-A05043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YVETTE MAHENDRU | : | |
| | : | No. 2058 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence May 23, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000834-2017

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 06, 2018**

Appellant, Yvette Mahendru, appeals from the judgment of sentence entered in the Court of Common Pleas of Chester County following her guilty plea to one count of simple assault and one count of possession of an instrument of crime.[1]  In addition to this appeal, appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009).   After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

_____

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 907(a), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: Appellant was arrested, and on May 23, 2017, represented by counsel, she entered a negotiated guilty plea to the offenses indicated *supra*.[2] During the guilty plea colloquy, the Commonwealth recited the following facts underlying Appellant's plea:

> With respect to 834 of 2017,. . .[t]he facts in support of the plea [happened] on February 12th of 2017 at 577 East Chestnut Street in the City of Coatesville, Pennsylvania. Coatesville police officers were dispatched to that location for a domestic. Upon Officer William Carter's arrival he observed that [Appellant] had blood about her mouth. The officer asked where the male party was and [Appellant] said that he was not home and that nothing happened.
>
> At that point, the police heard a male voice from within the apartment and they found [Appellant's] boyfriend inside. His name is Marcel Chambers. Mr. Chambers had a bleeding wound on the right side of his face. It appeared to be a small slash wound. Both parties were less than cooperative with the police.
>
> They did tell the police that they had been arguing. [Appellant] claimed her boyfriend had struck her. Mr. Chambers reported that there was an argument [when] he was packing his bag to leave the apartment and that is when [Appellant] went into the kitchen and got a knife. Before he could react, [Appellant] was able to cut him.
>
> Mr. Chambers was treated and released at the Brandywine Hospital. He received four stitches to his face. Both parties were actually charged. Ultimately, the police did not find [Appellant's] version credible in light of the medical records and interviews that were done at the hospital. And Mr. Chambers' charges were dropped at the preliminary hearing.

N.T., 5/23/17, at 1-2.

---

[2] On May 23, 2017, Appellant entered a negotiated guilty plea to charges brought at CP-15-CR-0003091-2017 and CP-15-CR-0000834-2017. However, Appellant filed an appeal solely from the latter.

After accepting Appellant's guilty plea, the trial court sentenced Appellant in accordance with the parties' plea agreement; namely, four months to twenty-three months in prison for assault, to be followed by two years of probation for possessing an instrument of crime. Thereafter, despite being informed of her right to file a post-sentence motion, including a motion to withdraw her guilty plea or to modify her sentence, Appellant did not file a post-sentence motion. Instead, on June 22, 2017, Appellant filed a timely notice of appeal to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and counsel filed a statement of intent to file an *Anders* brief under Pa.R.A.P. 1925(c)(4). The trial court filed a brief opinion. Thereafter, appellate counsel filed with this Court a petition to withdraw his representation, and he submitted an *Anders* brief.

When faced with a purported *Anders* brief, this Court may not review the merits of the issues raised therein without first passing on the request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005). Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361.  Counsel must also provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted).

Instantly, appellate counsel provided a summary of the history of the case, referred to anything in the record that he believed arguably supports the appeal, set forth his conclusion that the appeal is frivolous, and stated in detail his reasons for so concluding.  Moreover, counsel has provided this Court with a copy of the letter, which counsel sent to Appellant informing her of her right to retain new counsel, proceed *pro se*, or raise any points Appellant deems worthy of this Court's attention.[3]  Accordingly, we conclude counsel has substantially complied with the requirements of *Anders* and *Santiago*. We, therefore, turn to the issue presented in the *Anders* brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179 (Pa.Super. 2016).

---

[3] Appellant has filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel.

- 4 -

On appeal, the sole issue presented by Appellant is whether she should be permitted to withdraw her guilty plea since it was unknowingly and involuntarily entered. As indicated *supra*, Appellant did not move to withdraw her guilty plea or file any post-sentence motion to preserve her claim in the court below. Therefore, Appellant has waived this issue for appellate review. **See** Pa.R.A.P. 302 (issues not presented to the trial court cannot be raised for the first time on appeal); **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa.Super. 2002) (issues related to deficiency of guilty plea waived by failing to object at the time of the sentencing hearing or through a post-sentence motion).

For all of the foregoing reasons, and after an independent review, we conclude Appellant is not entitled to relief and we grant counsel's petition to withdraw his representation.

Judgment of Sentence Affirmed. Petition to Withdraw as Counsel Granted.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/18